[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action was commenced by writ, summons, and complaint made returnable to the Judicial District of Tolland at Rockville on August 11, 1998. The plaintiff wife seeks a dissolution of her marriage to the defendant husband as well as orders regarding custody, child support, and property division. The attorney general filed an appearance on behalf of the state of Connecticut as the parties have been recipients of state assistance.
The defendant filed a cross complaint also seeking dissolution of the marriage, joint custody, and property division. On March 2, 1999 the defendant admitted the allegations of the complaint except for the plaintiffs averment that neither party had been a recipient of state assistance.
The court makes the following findings of fact. The defendant assaulted the plaintiff in June 1996 at a time when she was six months pregnant. In November, 1996 the parties separated. On March 15, 1997 the defendant again assaulted the plaintiff and subsequently was arrested, tried, and convicted. The defendant was scheduled to be sentenced on March 23, 1998 but failed to appear. He was sentenced to a term of 19 years suspended after the service of 12 1/2 years to the custody of the commissioner of corrections. He is presently incarcerated serving that sentence. CT Page 4526
The defendant admitted to having both a severe drug habit and an alcohol problem prior to his imprisonment. Before he was arrested he was employed by his mother as a short order cook in her restaurant. In that position his "take home" pay was $75 per day and he worked seven days per week.
During the course of the marriage the defendants mother gave to the plaintiff and defendant a washer, drier and microwave oven. The plaintiff is in possession of the washer and drier but discarded the microwave when it became inoperable. The defendant presently claims he owes creditors, including his prior criminal attorneys, in excess of $20,000. The plaintiff seeks reimbursement for damage done to her car by the defendant in the amount of $1,347.74 as well as indemnification on any liability to the landlord, Lamont and Lee Realty. The plaintiff testified that the defendant lived at the apartment after they separated and vacated it prior to the termination of the lease. Neither the plaintiff nor the defendant offered any evidence as to the amount that may be due the landlord.
After considering all of the factors set forth in General Statutes § 46b-8 1, § 46b-82, § 46b-84, and §46b-59, the court makes the following conclusions of law and enters the following orders:
 1. The plaintiff is awarded sole custody of the minor child. There is no practical ability for the parents to participate in joint decision making with regard to issues effecting the child and the court finds joint custody inappropriate under the circumstances of this case.
 2. Pursuant to General Statutes § 46b-59 the court finds that it is not in the best interest of the child to have visitation with the father at this time. This order is subject to future modification pursuant to General Statutes § 46b-59.
 3. The State of Connecticut is awarded $1 in alimony modifiable only by the state to secure any assistance they render.
4. The court awards no alimony to either party. CT Page 4527
 5. The defendant shall pay to the plaintiff as child support $94.52 per week. This amount is based upon the wife's net income of $178 per week and the husbands earning capacity of $375 per week.[1] Said amount shall accrue while defendant is incarcerated and so long as he remains assetless. See Charette v. Charette
FA 94 56183 S, Superior Court, Judicial District of Tolland at Rockville, April 30, 1997.
 6. The plaintiff shall retain the washer and drier free and clear of any claim by the defendant.
 7. The plaintiff and defendant shall be responsible for their respective debts except that the defendant shall indemnify the plaintiff for that period of time that he solely occupied the apartment leased from Lee Lamont Realty. All other amounts owned the landlord shall be shared equally by the parties. The obligation to repay the plaintiff for any amounts paid on his behalf to the landlord shall commence when the defendant no longer is incarcerated or so long as he remains assetless.
 8. The court declines to enter any award with respect to the damage to the plaintiffs automobile.
 9. The plaintiff's maiden name of Nicole Trina Carvel is restored.
10. The marriage of the parties is dissolved.
Zarella, J.